## State *vs.* Benjamin I. Glovsky.

## Cumberland.    Opinion February 10, 1921.

*In an indictment under R. S., Chap. 121, charging wilfully and maliciously setting*
*fire to a building of another, it is not necessary to allege that the act was done*
*without the consent of the owner.    The word "maliciously" as used*
*in criminal statutes, is equivalent to saying that the act*
*was done voluntarily, unlawfully, and without*
*excuse or justification, hence without*
*consent.*

Demurrer to an indictment charging the respondent with wilfully and maliciously setting fire to a building belonging to another person.    The claim is made that the indictment is fatally defective because it does not allege that the act was done without the consent of the owner.    The statute is silent as to such allegation, but it alleges that the act must be, and the indictment declares that it was, done maliciously.

*Held:*

1.    The word "maliciously," as used in criminal statutes, means that the act should be done voluntarily, unlawfully, and without excuse or justification.

2.    Since the indictment alleges that the act was done maliciously, it is equivalent to saying that it was done without excuse or justification.

3.    If done without excuse or justification it follows that it was done without consent.

4.    Allegation of non-consent, in an indictment drawn under the chapter of the Revised Statutes under which this was drawn, Chapter 121, is unnecessary.

On exceptions by respondent.    The respondent was indicted under the provisions of R. S., Chap. 121, for wilfully and maliciously setting fire to a building of another, with intent to burn the building, and the building was burned.    The indictment was drawn in the language of the statute.    The respondent filed a general demurrer to the indictment, with the right to plead over in case the demurrer should be overruled, alleging that the indictment was fatally defective in that it did not allege that the act complained of was done without the consent of the owner of the building.    The presiding Justice overruled the demurrer and the respondent excepted.    Exceptions overruled.

Case is stated in the opinion.

*Carroll L. Beedy, and Clement F. Robinson,* for the State.

*Joseph E. F. Connolly, and William C. Eaton,* for respondent.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

PHILBROOK, J.   The respondent was indicted under the provisions of R. S., Chap. 121, for wilfully and maliciously setting fire to a building belonging to one Simon Glovsky, otherwise known as Samuel Glovsky, with intent to burn said building, and said building was thereby burned.   Upon arraignment, he filed a general demurrer, reserving the right, with the consent of the presiding Justice, to plead over, in case said demurrer should be overruled.   The presiding Justice overruled the demurrer and the case is before us upon exceptions to that ruling.

His counsel concedes that, broadly speaking, an indictment for a statutory crime is sufficient where it charges the offense in the words of the statute, but urges that this is true only in those cases where, in the statute itself, there is a sufficient description of the offense intended to be created by the Legislature.   He does not contend that this indictment fails to charge the offense in the words of the statute, but claims that it is fatally defective in that it fails to allege that the act complained of was done without the consent of the owner of the building.

The statute does not say that the act must be done without the consent of the owner and we do not think such an allegation is necessary in the indictment.   For the statute does say that the act must be done maliciously.   It is an elementary principle that an act is, in contemplation of law, done maliciously where it is wrongful and is done intentionally.   *Davis* v. *Pacific Tel. & Tel. Co.,* 57 Pac., 764.   The court, in *United States* v. *Gunther,* 38 N. W., 79, said that "Maliciously" as used in criminal statutes, means nothing more than that the act should be done voluntarily, unlawfully, and without excuse, or justification.   This indictment charges that the act was done maliciously, which is equivalent, therefore, to saying that it was done without excuse or justification.   The demurrer admits this.   If done without excuse or justification it follows that it was done without consent.   Why, then, should the indictment necessarily charge that the act was done without the consent of the owner.   Reason, and the plain meaning of language, negative such an idea.

Where, as in R. S., Chap. 129, Sec. 25, relating to malicious injury to buildings, non-consent of the owner is made a material part of the offense, then an allegation of such non-consent would be necessary. Not so under the statute defining the offense with which this respondent is charged.

*Exceptions overruled.*